UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JULI NIESEN,

    Plaintiff,

v.                                                           Case No: 2:13-cv-365-FtM-29CM

CAROLYN W. COLVIN,
Commissioner of Social Security,[1]

    Defendant.
_____

## REPORT AND RECOMMENDATION[2]

Plaintiff, Juli Niesen, is appealing the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for a period of disability and Disability Insurance Benefits ("DIB"). For the reasons set forth herein, the Court recommends that the Commissioner's decision be **AFFIRMED** pursuant to 42 U.S.C. § 405(g).

I.    **Issue on Appeal**

There is one issue on appeal: whether the ALJ improperly relied on vocational expert ("VE") testimony to identify the representative jobs that Plaintiff can perform.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. No further action need be taken to continue this suit pursuant to the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

[2] Failure to file written objections to the proposed findings and recommendations contained in this report within **fourteen (14)** days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Specifically, after determining that Plaintiff could perform sedentary work, alternating between sitting and standing at will, and communicating that limitation to the VE through the hypothetical, the ALJ relied on the VE's testimony and found that Plaintiff could perform the requirements of representative occupations such as ticket seller, order clerk, and charge-account clerk. Plaintiff contends that the VE later inconsistently testified that the occupations he identified require alternating between sitting and standing no more frequently than every 20 minutes, of which Plaintiff is not capable. Thus, Plaintiff argues the ALJ's decision is not supported by substantial evidence because it is not clear if there are any jobs in the national economy that Plaintiff could perform with the sitting/standing at will limitation.[3]

## II. Procedural History

On September 21, 2009, Plaintiff applied for disability and DIB, alleging that she had been disabled and incapable of working since November 20, 2009. Tr. 27, 138, 158. The Social Security Administration ("SSA") denied Plaintiff's claim initially on June 16, 2010 (Tr. 77-79), and upon reconsideration on October 14, 2010. Tr. 83-84. Challenging the decision, Plaintiff requested and received a video hearing before an ALJ, held on November 7, 2011, during which she was represented by an attorney. Tr. 27, 41-74. Plaintiff testified at the hearing. Tr. 46-65. A VE was called and also testified. Tr. 66-73.

On December 13, 2011, the ALJ issued a decision finding Plaintiff not disabled

---

[3] Plaintiff does not challenge the ALJ's RFC finding that Plaintiff's sit/stand option is at will. Plaintiff is only challenging the ALJ's reliance on the VE's testimony.

from November 20, 2009, through the date of the decision. Tr. 27-35. Following the ALJ's decision, Plaintiff filed a Request for Review by the Appeals Council, which was denied. Tr. 1-6. Accordingly, the ALJ's December 13, 2011 decision is the final decision of the Commissioner.

On May 15, 2013, Plaintiff timely filed her Complaint with this Court under 42 U.S.C. §§ 405(g), 1383(c)(3), arguing that the ALJ's decision is not supported by substantial evidence. Doc. 1. Plaintiff argues that the matter should be reversed and remanded to the Commissioner for payment of benefits because the ALJ improperly relied on VE testimony in finding that there were jobs existing in the national economy that Plaintiff could perform given her limitations. The parties have briefed the issue and the matter is ripe for review.

### III.   Summary of the ALJ's Decision

The ALJ first determined that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2013. Tr. 27. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since November 20, 2009, the alleged onset date. Tr. 29. At step two, the ALJ determined that Plaintiff has the following severe impairments: degenerative joint and disc disease. Tr. 29. At step three, the ALJ concluded that Plaintiff "did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1."[4] Tr. 30. Specifically,

---

[4] Appendix 1 is the Listing of Impairments which "describes for each of the major body systems impairments that we consider to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20

the ALJ considered Plaintiff's degenerative joint and disc disease and concluded that her condition did not satisfy the severity requirements of section 1.00 of the listings because the specific findings required by the section were not present. Tr. 30; 20 C.F.R. pt. 404, spbpt. P, app. 1, § 1.00.

The ALJ then determined that Plaintiff had the RFC to perform work that does not require exertion above the sedentary level;[5] or overhead work; and that allows the alternating of siting and standing at will. Tr. 30-31. The ALJ further stated that Plaintiff's impairments may be expected to cause pain and to reduce her exertional capacity and her ability to use her shoulders. Tr. 33. The ALJ stated that the RFC that he determined – sedentary – was sufficient to accommodate the Plaintiff's reduced exertional capacity, including the need to lift no more than 10 pounds. Tr. 33. He further noted that the RFC eliminates overhead work, which he found accommodates limitations in the use of her shoulder. Tr. 33. Further, the RFC allowed the alternating of sitting and standing, which he found to be a sufficient accommodation of the documented limitations in these areas. Tr. 33. The ALJ did not believe that the Plaintiff is functionally limited to the extent she alleged, finding

---

C.F.R. § 405.1525(a).

[5] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. 404.1567(a). Social Security Ruling 83-10 elaborates on § 404.1567(a) by providing that "'occasionally' means occurring from very little up to one-third of the time," and that "periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday." *Kelley v. Apfel*, 185 F.3d 1211, 1214 n.2 (11th Cir. 1999).

her statements concerning the intensity, persistence and limiting effects of the symptoms not credible to the extent they were inconsistent with the RFC.  Tr. 33.  Accordingly, at step four, the ALJ determined that Plaintiff was unable to return to her past relevant work as a postal carrier, which required medium exertion.  Tr. 33.  Thus, at step five, the ALJ relied on the Medical-Vocational Rule 201.21, and because Plaintiff had exertional limitations which could erode her ability to perform sedentary work, the ALJ called a VE to testify as to other work Plaintiff could perform given her age, education, prior work experience and RFC.  Tr. 33-34.  The VE testified that given all of the factors, the Plaintiff would be able to perform the requirements of representative occupations such as ticket seller, order clerk and charge-account clerk.  Tr. 34, 67.  The ALJ relied on the VE's testimony and found that Plaintiff was able to perform other work existing in significant numbers in the national economy and therefore was not disabled.  Tr. 20.

IV.   Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months.  42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a).  The Commissioner has established a five-step sequential analysis for evaluating a claim of disability.  *See* 20 C.F.R. § 404.1520.  The claimant bears the burden of persuasion through step four, and, at step five, the burden shifts to the Commissioner.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The district court must consider the entire record, including new evidence submitted to the Appeals Council for the first time, in determining whether the Commissioner's final decision is supported by substantial evidence. *Ingram v. Astrue*, 496 F.3d 1253, 1265 (11th Cir. 2007). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) ("Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'").

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote*, 67 F.3d at 1560; *see also Lowery v.*

*Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).

### V. Relevant Evidence

#### 1. Plaintiff's Testimony

Plaintiff was forty-seven years old at the time of the ALJ's decision. Tr. 47. She obtained a GED and previously worked as a postal carrier for 18 years. Tr. 47, 48, 55. She testified that she suffers from chronic pain in her back, neck, right shoulder, right hip, and right knee, which causes her great discomfort. Tr. 51-53. She testified that she cannot stand or sit for too long, or she will be in pain. Tr. 53. She frequently has to change positions and stand up to find comfort. Tr. 53. When at home, she stated that she can sit for a 30-minute period and stand for 15 minutes at a time before she has to sit down. Tr. 53-54. She stated that the pain and the limitations from her impairments would not allow overhead work. Tr. 56-57. She further stated that her doctor has recommended a knee replacement, and she suffers from hip dysplasia. Tr. 59-61. She had surgery on her right shoulder but no treatment since, due to lack of insurance. Tr. 63-64.

#### 2. VE's Testimony

At the hearing, the ALJ provided the VE with the following hypothetical:

> I'd ask you to consider an individual of the claimant's age, education and work history who's able to perform work at the sedentary exertional level that does not require overhead work and allows the alternating of sitting and standing at will. Would there be any unskilled, entry level occupations that a person with this profile could perform, and if so, could you tell us what they are?

Tr. 67. In response, the VE testified:

> Yes, sir. Examples would be ticket seller. 211.469-030. Sedentary, SVP two. Within this area, Lee Collier, Sarasota, 200. Statewide 2,500. Nationally in excess of 100,000. Order clerk, food and beverage. 209.567-014. Sedentary, SVP two. 300, 2,300, in excess of 70,000. Charge account clerk. 205.367-014. Sedentary, SVP-2. 200, 2,500, in excess of 45,000. They're meant to be representative only, sir.

Tr. 67. Upon questioning by Plaintiff's counsel, the VE testified that sitting and standing at will can interfere with a job, depending on how often a person must sit or stand. Tr. 68. The VE stated that the occupations cited could be performed with the alternating of sitting and standing, but no more frequently than every 20 minutes. Tr. 70. The VE further testified that if the Plaintiff had to alternate positions every 30 minutes, it would interfere with some, but not all of the jobs. Tr. 69.

## VI. Analysis

On appeal, Plaintiff argues that the ALJ improperly relied on the VE's testimony because the VE testified in response to the ALJ's hypothetical as to the number of jobs Plaintiff could perform sitting and standing at will. Tr. 69. Yet, the VE later testified that sitting and standing at will can interfere with a job, and, in fact, if an individual such as Plaintiff needs to alternate sitting and standing more frequently than every 20 minutes, the occupations identified by the VE could not be performed. Tr. 70. In response, the Government argues that the hypothetical question posed to the VE adequately portrayed Plaintiff's credible limitations of record, and Plaintiff has offered no medical evidence of record that she needs to

alternate sitting and standing at any fixed interval. For the reasons that follow, I find that the decision of the Commissioner should be affirmed.

"[I]n order for a [vocational expert's] testimony to constitute substantial evidence, the ALJ must pose a hypothetical question to the vocational expert which comprises all of the claimant's impairments." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.7 (11th Cir. 2004) (quotation marks omitted). "The hypothetical need only include the claimant's impairments, not each and every symptom of the claimant." *Ingram*, 496 F.3d at 1270 (citation and quotation marks omitted).

In this case, the ALJ found that Plaintiff had the RFC to perform work that does not require exertion above the sedentary level or overhead work, and that allows the alternating of sitting and standing at will. Tr. 20. After finding that Plaintiff could not return to her past relevant work as a postal carrier (which requires medium exertion), the burden of proof then shifted to the Commissioner to show there is other work Plaintiff could perform given her age, education, prior work experience, and RFC. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001); *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). To fulfill this burden, the ALJ used Rule 201.21 of the Medical-Vocational Guidelines as a framework for decision-making, in conjunction with the VE's testimony, to find if Plaintiff could perform other work. Tr. 33-34. 20 C.F.R. § 404.1520(a)(4)(v); 20 C.F.R., Part 404, Subpart P, Appendix 2, rule 201.21.

The ALJ asked the VE a hypothetical that included the impairments in Plaintiff's RFC. Based upon that hypothetical, the VE concluded that, although

Plaintiff would not be able to perform any of her past occupations, there were still a significant number of jobs in the national economy that she could do.  Tr. 67.  In response to questioning regarding whether the frequency of sitting and standing would erode the jobs Plaintiff could perform, the VE testified that changing positions every 20 minutes or more would reduce the number of available jobs identified and every 15 minutes would be "a problem."  Tr. 69-70.  Plaintiff argues that the VE failed to adequately explain how he reduced the number of jobs to account for Plaintiff's need to alternate sitting and standing at will.  This argument is without merit.

The VE testified that the occupations he identified could be performed with the alternating of sitting and standing, but no more frequently than every 20 minutes.  Tr. 70.  The relevant sections of the Dictionary of Occupational Titles ("DOT") do not specify whether a ticker seller, order clerk food and beverage, or charge account clerk may sit or stand at will.  *See* Department of Labor, *Dictionary of Occupational Titles* §§ 211.467-030,[6] 209.567-014, 205.367-014 (rev. 4th ed. 1991).[7]  Yet, the VE testified that he is not aware of any conflict between the Dictionary of Occupational Titles and the occupations he identified.  Tr. 68.  "An ALJ can rely on a vocational expert to supplement the information in the Dictionary of Occupational Titles and where the two conflict the vocational expert's testimony 'trumps.'"  *Thomas v. Comm'r of Soc.*

---

[6] The Court notes that the ticket seller occupation is 211.467-030, not 211.469-030, as cited in the hearing transcript.  Tr. 67.

[7] The DOT is a U.S. Department of Labor publication that describes the requirements, including the exertional and skill levels, for jobs available in the national economy.  20 C.F.R. § 220.134(a).

*Sec.*, 497 F. App'x 916, 920-21 (11th Cir. 2012) (citing *Jones*, 190 F.3d at 1229-30). Notably, Plaintiff's attorney did not object to the VE testifying as an expert, and the VE was present at the hearing to hear Plaintiff testify as to her impairments. Tr. 66. A VE is considered an expert on the kinds of jobs an individual can perform based on their capacity and impairments. *Phillips*, 357 F.3d at 1240.

Plaintiff has not cited any medical evidence showing that she needs to alternate sitting and standing at any fixed interval, let alone more frequently than every 20 minutes, such that this is a credible limitation that would erode the number of sedentary jobs that Plaintiff could perform. In fact, Dr. Patricia Poling, Plaintiff's treating physician, opined in July 2010 and October 2011 that Plaintiff was able to stand and sit without interruption one-half hour at a time, and could stand/walk for 2 hours in an 8-hour work day, consistent with sedentary work. Tr. 362-63, 498-500. Further, Plaintiff testified that she could stand for under 15 minutes at a time and sit for 30 minutes at a time. Tr. 53-54. In fact, Plaintiff testified that she did not necessarily have to stand at any fixed interval, but that she would have to change positions to find comfort. Tr. 53. *See Williams v. Barnhart*, 140 F. App'x 932, 937 (11th Cir. 2005) (noting that it is plaintiff's burden to establish that he cannot perform the jobs identified by the VE and plaintiff failed to offer any evidence that he could not perform the unskilled jobs identified by the VE based on his ability to sit or stand for any period of time). Although Plaintiff testified that she could stand no more than 15 minutes at a time (Tr. 53), the ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms to be not

credible to the extent they were inconsistent with her RFC. Tr. 33. This is supported by substantial evidence, given that Plaintiff has pointed the Court to no medical evidence in the record that would support her assertion that she can stand for no more than 15 minutes at a time. While an ALJ's hypothetical question must take into account all of a claimant's impairments, *Wilson*, 284 F.3d at 1227, the question need not include impairments that the ALJ has properly determined to be unsupported by the evidence in the record. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004).

## VII. Conclusion

Contrary to Plaintiff's argument, the ALJ properly considered the evidence in the record; and Plaintiff has not provided any evidence to contradict the VE's testimony that Plaintiff can perform the three jobs identified by the VE after considering the ALJ's hypothetical. Consistent with the Regulations, the ALJ noted in his decision pursuant to SSR 00-4p that "the [VE's] testimony is consistent with the information contained in the [DOT]." Tr. 34. Assuming there were an identifiable inconsistency between the VE's testimony and the DOT, the VE's expert testimony "trumps" the DOT. The VE's testimony is supported by substantial evidence, and the ALJ committed no error in relying on that testimony.

Accordingly, for the reasons stated in this Report and Recommendation, it is hereby respectfully **RECOMMENDED** that the decision of the Commissioner be **AFFIRMED**.

**DONE** and **ENTERED** in Fort Myers, Florida on this 18th day of June, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:

The Honorable John E. Steele
Counsel of record